IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNA KEISER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No. 22-cv-4554 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Amazon.com Services, LLC ("Amazon") hereby removes the above-captioned state court civil action, No. 2022-CH-06627, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

In further support of this Notice of Removal, Amazon states as follows:

## PROCEDURAL HISTORY

1. On July 8, 2022, Plaintiff Shawna Keiser ("Plaintiff") filed a class-action complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, asserting a claim against Amazon on behalf of herself and a putative class of Illinois citizens. The court designated the case 2022-CH-06627. A true and correct copy of this Complaint is attached as **Exhibit 1**. Attached as **Exhibit 2** is a true and correct copy of the Summons for the state court action.

2. Also on July 11, 2022, Plaintiff filed a Motion for Class Certification. A true and correct copy of the Motion is attached as **Exhibit 3**.

3. Exhibits 1-3 constitute all the process, pleadings, and orders that have been served on Amazon in connection with Case No. 2022-CH-06627 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

4. A true and correct copy of the state court docket in Case No. 2022-CH-06627 is attached as **Exhibit 4**.

5. Plaintiff asserts one cause of action for violation of the Magnuson Moss Warranty Act ("the Act"). Complaint ¶¶ 51-57.[1] Specifically, Plaintiff contends that Amazon "does not provide consumers with access to written warranties, prior to sale, in a manner that complies with the Pre-Sale Availability Rule" of the Act. *Id.* ¶ 5. Plaintiff alleges that she purchased a memory foam mattress on Amazon's website. *Id.* ¶ 8. She also alleges that, for a Hisense television sold through Amazon's website, the "Warranty & Support" section of the product page has a link to click for warranty information and that the link displays a message stating that the warranty can be obtained by "contact[ing] the manufacturer directly or visit[ing] their website for more information." *Id.* ¶¶ 27-31. Plaintiff argues that this does not comply with the Act because it does not allow third-party warranties to be requested from customer service or provide the third-party warranties on Amazon's website. *Id.* ¶ 31.

6. Plaintiff seeks to bring this claim on behalf of a class of "[a]ll citizens of Illinois who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." *Id.* ¶ 42.

---

[1] The recitation of Plaintiff's allegations is not a concession that Plaintiff's allegations or legal theories have merit. Amazon reserves the right to assert all applicable defenses in this matter and denies that Plaintiff is in fact entitled to any relief.

7. The Complaint seeks "injunctive, declaratory, and other equitable relief" and "experts' fees, attorneys' fees, and the cost of prosecuting this action." *Id.* ¶¶ 50, 57, Prayer for Relief.

## TIMELINESS OF REMOVAL

8. On July 28, 2022, Plaintiff served Amazon with the summons, the Complaint, and a Motion for Class Certification that has not yet been noticed or presented to the judge by the Plaintiff.

9. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Complaint as calculated under the Federal Rules of Civil Procedure.

## BASIS FOR REMOVAL JURISDICTION

10. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U,S, 81, 89 (2014). As set forth below, this Court has original jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1332(a). The action is removable to this Court under both 28 U.S.C. § 1441 and § 1453.

**I.     This Case Is Removable Under the Class Action Fairness Act.**

11. The Class Action Fairness Act ("CAFA") extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the class of plaintiffs is a citizen of a

state different from any defendant. *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Each of these requirements is met here.

        **A.**     **This Case Is a Class Action.**

12.     CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rule of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13.     Plaintiff seeks to bring this case as a class action under Illinois Code of Civil Procedure 2-801—the Illinois analog to Federal Rule of Civil Procedure 23—which authorizes a representative party to bring suit on behalf of a class. *Compare* 735 ILCS 5/2-801, with Fed. R. Civ. P. 23; *see also* Complaint ¶ 42. Accordingly, this case qualifies as a class action under CAFA.

        **B.**     **The Aggregate Amount in Controversy Exceeds $5,000,000.**

14.     Although Plaintiff does not allege a specific amount in controversy, Plaintiff seeks declaratory and injunctive relief on a class-wide basis, as well as "costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action." Complaint ¶¶ 50, 57, Prayer for Relief .c-.d.

15.     For a case to be removable under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6). The amount in controversy is calculated by aggregating the claims of the individual class members, including the value of any declaratory or injunctive relief sought. 28 U.S.C. § 1332(d)(6); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). In determining the amount in controversy under CAFA, the value of requested injunctive relief may be considered from either the

plaintiff's or the defendant's point of view. *See Am. Premier Underwriters, Inc. v. Est. of Chizum*, No. 3:14-cv-351, 2015 WL 3657715, at *2 (N.D. Ind. June 11, 2015). Any statutory attorneys' fees incurred up until the time of removal also are properly included in determining the jurisdictional amount. *See ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).[2]

16. In this case, the proposed class includes "[a]ll citizens of Illinois who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." Complaint ¶ 42. Amazon estimates that the cost of compliance for Plaintiff's requested injunctive relief to be well in excess of $5 million. This includes, but is not limited to, the following estimated costs: costs to review and assess whether revisions are needed to particular product pages to comply with the requested injunctive relief, costs to revise any such product websites and links, costs to collect and maintain associated warranties for products over

---

[2] Amazon recognizes that, in determining the amount in controversy, the Seventh Circuit permits consideration of attorneys' fees only if incurred by the time of removal. This is a minority view that, with respect, Amazon contends to be incorrect. *See, e.g., Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367–69 (4th Cir. 2013). Nonetheless, it is unnecessary to be concerned with that conflict in this case because the amount in controversy is over the jurisdictional threshold under either framework. But if the majority approach were followed in this case, claimed fees would be expected to exceed $1,000,000 even on the conservative assumption that, at the average rate discussed below of $600 per hour, Plaintiff's counsel would expend only approximately 1,667 hours litigating this case through judgment. *See Reid v. Unilever U.S., Inc.*, No. 12 C 6058, 2015 WL 3653318, at *24 (N.D. Ill. June 10, 2015) (2,948.05 hours reasonable even for case that preliminarily settled during motion to dismiss briefing), *aff'd sub nom. Martin v. Reid*, 818 F.3d 302 (7th Cir. 2016); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 238 (N.D. Ill. 2016) (1,765.48 hours reasonable even where parties settled in early stages of discovery); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *7 (S.D. Ill. Dec. 16, 2018) (55,000 hours reasonable where case settled after trial had begun); *Johnson v. Bd. of Educ. Champaign Cmty. Unit Sch. Dist. #4*, No. 00-CV-1349, 2011 WL 2160944, at *13 (C.D. Ill. June 1, 2011) ($700,000 in fees reasonable in case that settled after summary judgment).

5

$15 that are subject to a written warranty, and costs to hire and train employees to respond to customer requests for warranties.

17. Plaintiff also seeks attorneys' fees. The Act allows a court to award a prevailing consumer "cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred." 15 U.S.C. § 2310(d)(2). Here, the average rate for class action attorneys' fees in the area is at least approximately $600 per hour. *See E.Z. by Braun v. United States*, No. 17 C 216, 2020 WL 757890, at *3 (N.D. Ill. Feb. 14, 2020) ("In a recent class action lawsuit in this district, [lawyers] recouped fees at the rate of $600 per hour."). On information and belief, Plaintiff's counsel would be expected to have spent at least 125 hours on investigating, preparing, and filing this class action Complaint, as well as the motion for class certification and other papers. This would place at least $75,000 in controversy based on Plaintiff's claim for fees alone.[3]

18. The estimated costs for compliance with the requested injunctive and declaratory relief combined with the amount in attorneys' fees to the date of removal show that the amount in controversy easily exceeds $5,000,000.

**C. There Are at Least 100 Members of the Proposed Class.**

19. CAFA confers jurisdiction over class actions with at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B).

20. Plaintiff asserts that he intends to bring a class action on behalf of a purported class of "[a]ll citizens of Illinois who purchased one or more products from Defendant that cost over

---

[3] The dollar estimates provided in this Notice merely reflect Amazon's understanding of the amounts *in dispute* in this case based on the Complaint and should not be construed as representing an admission that Plaintiff is entitled to any particular relief (or any relief at all) or that Amazon may properly be required to incur any of the identified costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

$15 and that were subject to a written warranty." Complaint ¶ 42. Amazon has sold and shipped products that cost over $15 and are subject to a written warranty to more than 100 people in Illinois in the last year.

### D. The Required Diversity Exists Between the Parties.

21. A case satisfies CAFA's diversity requirement as long as one plaintiff's or class member's citizenship differs from that of the defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

22. Here, all members of the proposed class are citizens of Illinois. Complaint ¶ 42.

23. Amazon is not a citizen of Illinois. Amazon, at the time the Action was filed and at the time of filing for this notice of removal, was and is a Delaware company having its principal place of business at 410 Terry Avenue North, Seattle, WA 98109. *See* Illinois Secretary of State Website Entry for Amazon.com Services LLC, attached as **Exhibit 5**. *See also* Complaint ¶ 10.

## II. Removal Is Also Proper Under 28 U.S.C. § 1332(a).

24. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Amazon, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity of Citizenship Exists.

25. The Complaint alleges that Plaintiff is a resident of Cook County, Illinois, and is therefore a citizen of Illinois. Complaint ¶ 8.

26. For the reasons discussed above, *supra* ¶ 23, Amazon is a citizen of the state of Washington or Delaware for purposes of analyzing diversity jurisdiction.

27. Because Plaintiff and Amazon are citizens of different states, complete diversity of citizenship exists for jurisdictional purposes.

**B.     The Amount in Controversy Requirement Is Satisfied.**

28.     The amount in controversy requirement for diversity jurisdiction is satisfied in this case because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

29.     As discussed above, the injunctive and declaratory relief Plaintiff seeks here is alone well in excess of the $75,000 threshold. *See supra* ¶ 16.

30.     Statutory attorneys' fees incurred up to the point of removal are considered when determining whether the amount in controversy is satisfied under 28 U.S.C. § 1332(a). *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014); *but see supra* note 2 (other circuits also consider fees after removal). On information and belief, Plaintiff has placed in controversy at least $75,000 based on fees alone. *See supra* ¶ 17.

**REMOVAL TO THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, IS PROPER**

24.     Removal to the Northern District of Illinois is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1441(a).

25.     Removal to the Eastern Division of the Northern District of Illinois is proper because the state action is pending within this division. *See id.*

**NOTICE TO STATE COURT AND PLAINTIFF**

26.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois, and served upon counsel for Plaintiff promptly.

**OTHER REPRESENTATIONS**

31. By filing this Notice of Removal, Amazon does not waive any defense that may be available to it, and Amazon expressly reserves all such defenses, including those related to personal jurisdiction and service of process.

32. If any question arises as to propriety of removal to this Court, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

33. Amazon reserves the right to amend or further supplement this Notice.

WHEREFORE, the case now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, No. 2022-CH-06627, is hereby removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441, 1453.

Dated: August 26, 2022                Respectfully submitted,

/s/ Victoria R. Collado
Victoria R. Collado
BURKE, WARREN, MACKAY &
SERRITELLA, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, Illinois 60611
(312) 840-7000

Kathryn E. Cahoy (pro hac vice application *to be filed*)
kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800

*Attorneys for Defendant Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2022, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to any attorneys of record. I further certify that on August 26, 2022, I have caused a true and correct copy of the foregoing to be sent to the following via U.S. Mail and e-mail:

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law

                                                      /s/ Victoria R. Collado
                                                      Victoria R. Collado